UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-22719-CIV-MORENO

EUDOMAR BLANCO,

    Plaintiff,

vs.

TIN HOW, INC. a Florida Corporation, and SHU
LING CHEN, jointly and severally,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' "Motion of Tin How, Inc. and Shu Ling Chen to Dismiss the Complaint" **(D.E. No. 18-1)**, filed on **February 13, 2007**.

A Return of Process is *prima facie* evidence of valid service. *See generally* Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 442 (1910). Federal courts have generally held that this evidence can only be overcome by strong and convincing evidence. *See e.g.* Hicklin v. Edwards, 226 F.2d 410, 414 (C.A.8th, 1955) ("the officer's return upon the summons imports verity which can be overcome only by strong and convincing evidence.").

Federal Rules of Civil Procedure Rule 4(e) generally governs service upon an individual adult. It states in part that service may be accomplished by "delivering a copy of the summons and of the complaint to the individual personally". The Return of Service (**D.E. No. 12**) shows that Defendant Shu Ling Chen was personally served at 3:35pm, December 19, 2006.

Defendants present the Declaration of Jia Zhao (**D.E. No. 19-1**) as evidence of the falsity of the Return of Process. 28 U.S.C. § 1746(2) provides that the salient characteristic of an affidavit

completed within the United States is that it is of the form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)". Fla. Stat. § 92.525 is substantially similar to the federal statute, but excludes the date. This Court finds that it may consider the Declaration of Jia Zhao as an affidavit. However, as this affidavit provides no "strong and convincing" evidence of the falsity of the Service of Process upon Shu Ling Chen, it cannot overcome the *prima facie* evidence provided by that Service of Process. Thus, Defendant Shu Ling Chen was successfully served.

Florida Statute § 44.101 states that "process against the directors of any corporation ... shall be served in accordance with s. 48.081." Correspondingly, § 48.081(1)(a) states in part that service may be made upon any head of the corporation. Fla. Stat. § 48.101 states that service upon a dissolved corporation proceeds in the same manner as against an undissolved corporation (i.e. § 48.081). A dissolved corporation continues to exist *after* dissolution for limited purposes pursuant to F.S.A § 607.1405(1). As such, Defendant Shu Ling Chen remained director and registered agent of Defendant Tin How, Inc. following dissolution for limited purposes including litigation. Thus, although Shu Ling Chen did not personally receive the Summons addressed to Tin How, Inc., his status as Director and Owner of Tin How, Inc. shows service upon all parties of the complaint.

Irregularities in service when the allegedly-served party is aware of the proceedings does not render service or judgment void. Cohen v. Drucker, 677 So.2d 953 (Fla. App. 4 Dist., 1996). Defendant Tin How, Inc.'s immediate participation in these proceedings (less than a month following service, and simultaneous with Defendant Shu Ling Chen), combined with the near-simultaneous direct service upon Defendant Shu Ling Chen (director of dissolved corporation Tin How, Inc.)

shows that Defendant Tin How, Inc. was irregularly but acceptably served. Any error introduced by the irregular service was harmless, particularly in light of the successful service of process upon Defendant Shu Ling Chen.

THE COURT has considered the motion, response, reply and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this _26_ day of September, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to: Counsel of Record